UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Crim. Case No. 19-20296

v.

Paul D. Borman
United States District Judge

MICHAEL LASHANE WATSON,

    Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS
TANGIBLE EVIDENCE AND STATEMENTS

I.    **INTRODUCTION**

This is a criminal case. Defendant Michael Lashane Watson is charged in a single count indictment with being a felon in possession of a firearm, 18 U.S.C. §922(g)(1), on April 8, 2019.

Before the Court is Defendant's Motion to Suppress Tangible Evidence and Statements (ECF #18). The Court held an evidentiary hearing on Defendant's Motion to Suppress on July 23, 2019. Police videos were shown at the hearing. The two Detroit Police Officers involved in this seizure, Yuseph Elzein and Justin Malek testified at the hearing.

1

After reviewing the record, in particular the videos provided by the Government which captured the encounter, the Court concludes that the police officers' conduct violated Defendant's constitutional rights. Accordingly, the motion to suppress the tangible evidence seized and Defendant's statements made to law enforcement officers.

Based on a video provided by the Government that was shown at the hearing, the Court learned that on April 8, 2019, Defendant Michael Lashane Watson and his friend were approached by Detroit Police Officers on a residential street. Defendant and his friend were standing next to Defendant's car when the officers drove up. Defendant was wearing an untucked shirt. The officers exited their car, walked up to the Defendant, and then one officer said to Defendant: "Got ID on you?" Defendant said "Yes." An officer then reached over, pulled up Defendant Watson's untucked shirt and seized a heretofore invisible pistol from Watson's waistband. Only <u>thereafter</u>, did an officer ask Defendant Watson "Got a CPL?"

At the conclusion of the evidentiary hearing, the Court ordered the parties to submit a supplemental brief concerning the Detroit City Code provision at issue: §38-1-1-3:

Loitering - Generally

> (a) It shall be unlawful for any person to liter on any street, sidewalks, overpass or public place. For the purpose of this section, loitering is defined as the act of standing or idling in or about any street, sidewalk, overpass or public place so as to hinder or impede or tend to hinder or impede the passage of pedestrians or vehicles.
> (b) A person who violates this section shall be liable for a civil infraction. . . .

In the instant case, as the videos show, the defendant and another man were talking to each other standing next to Defendant's parked car on a two lane street. The video established the street had no other vehicular traffic, or any sidewalk pedestrian traffic. Indeed, had the two men been talking on the sidewalk, they could have been cited under the Loitering Provision for standing and talking on a sidewalk even though no other individuals were walking or standing on the sidewalk.

Defendant and his friend did not hinder or impede or tend to hinder or impede the passage of any vehicles. Indeed, there were no moving vehicles on the street.

The Officers Elzein and Malek pulled up in their car alongside Defendant's car, walked over, and then pulled up Defendant's shirt revealing a pistol, and seized the pistol. The officers testified that they saw a bulge under the left side of

his untucked shirt.

Michigan Compiled Laws §750.227 states that a person shall not carry concealed pistol without a license to carry the pistol.

Michigan Compiled Laws §28.425f states that a person licensed to carry a concealed pistol:

> (1) shall have his license (CPL) at all times when he is carrying a concealed pistol
>
> (2) shall, <u>upon request by that Police Officer</u>, show his CPL license and his driver's license to the Police Officer
>
> (3) <u>who is stopped by a Police Officer</u>, shall immediately disclose to the Police Officer that he is carrying a concealed pistol.

(emphasis added).

At the time of the seizure, the Defendant had neither been asked by an officer if he was carrying a concealed weapon, nor been requested by a Police Officer to show his concealed pistol license, nor had Defendant been "stopped" by a Police Officer.

## II. **LEGAL DISCUSSION**

A recent Sixth Circuit opinion, *United States v. Keeling*, __Fed. Appx__ (6th Cir. 2019) 2019 WL 3731652, August 8, 2019, set forth at Page 3 a relevant Fourth Amendment discussion:

4

> The Fourth Amendment prohibits "unreasonable searches and seizures" by the Government. U. S. Constitution Amendment IV. Fourth Amendment protections extend to brief investigatory stops that fall short of traditional arrests. See *Terry v. Ohio*, 392 U.S. 1, 19 (1968); *United States v. Smith*, 594 F.3d 530, 535 (6th Cir. 2010). A traffic stop is also a "seizure" within the meaning of the Fourth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). Evidence procured from an illegal traffic stop must be suppressed as fruit of the poisonous tree. *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008); See also *Wong Sun v. United States*, 371 U.S. 471, 484 (1963).

In the instant case there was not even a traffic stop. Defendant was standing beside his car when the police drove up, exited their car, approached Defendant and his friend, asked the Defendant if he had ID, lifted up his untucked shirt and seized a pistol from his waistband.

While the officers testified that they saw a bulge on the left side of Defendant's untucked shirt, they asked only if he had ID. They did not ask if he had a gun or a CPL, which would have corroborated their testimony that they assumed he was carrying a pistol beneath his shirt. Further, the officers did not even do a frisk before the search. The officers had not received any information from dispatch that there was a suspicion of criminal activity or a gun in the neighborhood that afternoon. While both officers testified, neither testified that they knew Defendant, and that he had a criminal record.

5

There was no evidence that what occurred here was a consensual encounter or a consensual search before the officer's search and seizure occurred.

**CONCLUSION**

The Court concludes that the police officers violated Defendant Constitutional rights under the Fourth Amendment, and GRANTS Defendant Watson's Motion to Suppress Tangible Evidence and Statements.

SO ORDERED.

DATED: AUG 09 2019

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE